[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12988
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00172-MEF-WC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR BAEZ-ARROGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 31, 2014)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Oscar Baez-Arrogo appeals his conviction and sentence after pleading guilty to being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). Although Mr. Baez-Arrogo's conviction concerned his possession of, and attempt to sell, a single firearm, the presentence investigation report ("PSI") assigned Mr. Baez-Arrogo a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(5), based on Mr. Baez-Arrogo's sale of two firearms. Mr. Baez-Arrogo objected to the enhancement but not to the facts in the PSI regarding the sale of the second firearm. In response to his objection, the government disclosed evidence establishing the sale of the second firearm. The district court overruled the objection and imposed a 21-month sentence.[1]

## I.

Mr. Baez-Arrogo argues that the government violated Rule 16 of the Federal Rules of Criminal Procedure by failing to disclose evidence related to the sale of the second firearm before he pled guilty. He further argues that, because the government did not disclose this evidence, his guilty plea was not knowing and voluntary. After careful review of the parties' briefs and the relevant portions of the record, we affirm.

---

[1] Relying on the PSI, the district court determined the Sentencing Guidelines range to be 30 to 37 months. The court then granted Mr. Baez-Arrogo a nine-month downward variance because of his family circumstances. Had the court not applied the § 2K2.1(b)(5) enhancement, the Sentencing Guidelines range would have been 18 to 24 months.

## A.

We review alleged discovery violations under Rule 16 for abuse of discretion. *United States v. Hastamorir*, 881 F.2d 1551, 1559 (11th Cir. 1989).[2] Rule 16(a) "spells out the materials the prosecution must produce on the defendant's request," including "materials in the hands of a governmental investigatory agency closely connected to the prosecutor." *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003).[3] A discovery violation under Rule 16 is only reversible when it violates a defendant's substantial rights. *United States v. Camargo-Vergara*, 57 F.3d 993, 998 (11th Cir. 1995). "Substantial prejudice exists when a defendant is unduly surprised and lacks an adequate opportunity to prepare a defense or if the mistake substantially influences the jury." *Id.*

Mr. Baez-Arrogo does not cite to any authority for the proposition that it is a

---

[2] As a preliminary matter, we reject the government's argument that Mr. Baez-Arrogo's appeal should be dismissed based on the conviction-and-sentence appeal waiver in his plea agreement. Mr. Baez-Arrogo's appeal waiver included an exception for prosecutorial misconduct. Mr. Baez-Arrozo argues that the failure to disclose relevant evidence violated Federal Rule of Criminal Procedure 16 and thus constituted prosecutorial misconduct. Mr. Baez-Arrogo's argument thus arguably falls within the exception to the appeal waiver. *See United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003) (reviewing the dismissal of an indictment on the ground of prosecutorial misconduct for Rule 16 discovery violations). Because we construe ambiguities in a plea agreement against the government, *see United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990), we conclude that the appeal waiver does not bar Mr. Baez-Arrogo's claims.

[3] Here, the evidence that the government disclosed regarding Mr. Baez-Arrogo's sale of a second firearm was a firearms trace summary from the Bureau of Alcohol, Tobacco, Firearms and Explosives National Tracing Center.

3

Rule 16 violation to disclose evidence relevant only to sentencing after a defendant has entered a guilty plea. We need not decide this issue, however, because there was no substantial rights violation.

First, Mr. Baez-Arrogo never objected to the facts in the PSI establishing the sale of the second firearm. Under our circuit precedent, this was enough to impose the enhancement. *See United States v. Wade,* 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to the allegations of fact in a PSI admits those facts for sentencing purposes."); *United States v. Hedges,* 175 F.3d 1312, 1315 (11th Cir. 1999) ("the district court is entitled to rely on the undisputed facts in the PSI if the defendant does not raise any objections to them").

Second, Mr. Baez-Arrogo had sufficient time to respond to the evidence regarding the sale of the second firearm. He asked for and received a 21-day continuance after the government disclosed the evidence. Ultimately, almost three months passed between the grant of the continuance and his sentencing. He never sought an additional continuance and never alleged at sentencing that he needed more time to mount a defense to the enhancement. Thus, he cannot show that he was "unduly surprised and lack[ed] an adequate opportunity to prepare a defense." *See Camargo-Vergara*, 57 F.3d at 998.

Because Mr. Baez-Arrogo cannot show that his substantial rights were prejudiced, we conclude that there was no reversible Rule 16 violation.

**B.**

"The voluntariness of a guilty plea is a question of law reviewed *de novo*." *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). "A plea is voluntary in a constitutional sense if the defendant receives real notice of the charge[s] against him and understands the nature of the constitutional protections he is waiving." *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005). In accepting a defendant's guilty plea, the district court must "ensur[e] that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).

Mr. Baez-Arrogo cannot show that his guilty plea was involuntary under any standard of review because the plea agreement and change-of-plea hearing transcript show that he understood the charge against him and the nature of the rights he was waiving. *See Frye*, 402 F.3d at 1127. He knew at the time of his guilty plea that the district court would determine his sentence based on "any reliable evidence," that he could receive up to ten years' imprisonment, and that his guideline range could differ from what his attorney had estimated.[4] He thus

---

[4] At the change-of-plea hearing, in addition to explaining the statutory maximum of ten years, the district court explained that "the Court will not be able to determine the advisory guideline range for your case until after a Presentence Report has been completed and you and the Government have had an opportunity to challenge the reported facts and the application of the guidelines as recommended by the probation officer, and that the sentence ultimately imposed may be different from any estimate your attorney may have given." D.E. 52 at 6-7. Moreover,

"underst[ood] the nature of the charges" and "the consequences of his plea," and there are no allegations of coercion. *See Moriarty*, 429 F.3d at 1019.

Mr. Baez-Arrogo argues that the government's nondisclosure of facts regarding the sale of a second firearm undermined the knowing and voluntary nature of the guilty plea. These facts did not relate to his conviction, however, only to his sentence. He cites to no authority indicating that a guilty plea is not knowing and voluntary unless the defendant knows all facts relating to sentencing prior to entering the plea.[5] The Supreme Court has held that "the Constitution does not require the prosecutor to share all useful information with the defendant" prior to a guilty plea. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002). Moreover, "the law ordinarily considers a waiver knowing, intelligent and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in the general circumstances – even though the defendant may not know the specific detailed consequences of invoking it." *Id*. Applying these principles, we conclude that Mr. Baez-Arrogo's guilty plea was voluntary and knowing even

the plea agreement stated that "Defendant . . . stipulates that the Court may make all findings for sentencing and may make those findings by a preponderance of the evidence based upon any reliable evidence, including hearsay." D.E. 29 at 4.

[5] The only cases that Mr. Baez-Arrogo cites are from different circuits, and those cases undermine rather than support his argument. *See United States v. Brewster*, 1 F.3d 51, 53 (1st Cir. 1993) (rejecting the argument that "a sentencing court cannot rely on evidence not known to a defendant at the time of the plea"); *United States v. Benitez*, 34 F.3d 1489, 1497 (9th Cir. 1994) (finding that the district court did not err in applying an enhancement based on prior convictions that the government discovered after the plea agreement was executed).

though he was unaware that the government possessed evidence regarding his sale of a second firearm.

Thus, the district court did not err, plainly or otherwise, in accepting and not later withdrawing Mr. Baez-Arrogo's guilty plea.

## II.

The conviction and sentence of Mr. Baez-Arrogo are affirmed.

**AFFIRMED.**